NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-3176

LUCILLE B. NIELSEN,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

_____

DECIDED:  September 8, 2006

_____

Before NEWMAN, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and SCHALL, <u>Circuit Judge</u>.

NEWMAN, <u>Circuit Judge</u>.

Lucille B. Nielsen petitions for review of the decision of the Merit Systems Protection Board, Docket No. SF0839050355-I-1, denying her relief under the Federal Erroneous Retirement Coverage Corrections Act (FERCCA), 5 U.S.C. §8331 note.  We <u>affirm</u> the decision of the Board.

BACKGROUND

Ms. Nielsen began employment with the United States Government in 1968. The first twenty years of this employment were in positions covered by the Civil Service Retirement System (CSRS). In 1988 there was a break in Ms. Nielson's federal service during which she raised her family, followed by a return to employment with the U.S. Postal Service in 1995. Her employment with the Postal Service was covered by Social Security, but neither CSRS nor the Federal Employees Retirement System (FERS). She then accepted a term appointment with the Department of Agriculture in 2000. As a term appointee, Ms. Nielsen was not eligible for coverage under CSRS. On December 19, 2000, Ms. Nielsen signed an election of coverage form (SF 3109) electing to transfer her retirement coverage to FERS. She subsequently entered a career conditional appointment with the agency, which she held at the time of her appeal to the MSPB.

Subsequently, Ms. Nielsen filed a request for relief with OPM under the FERCCA, seeking to convert her retirement coverage to CSRS offset. OPM determined that her transfer to FERS in 2000 was not in error and could not be corrected under the FERCCA. On appeal to the Board the OPM decision was sustained, and this appeal followed.

DISCUSSION

The Civil Service Retirement System was established in 1920 and covered most federal employees hired before 1984. It provided a retirement system that was independent of the Social Security System, and CSRS-covered employees did not pay Social Security Old Age Survivor's and Disability Insurance (OASDI) taxes. The lack of Social Security benefits was to the disadvantage of employees transferring from federal service to non-government employment. In 1986, Congress created the Federal

Employees' Retirement System, which was designed to work in conjunction with Social Security. Employees covered under FERS also participate in the Social Security Retirement System, paying OASDI taxes and receiving both the Social Security and FERS retirement benefits to which they may be entitled upon retirement. Employees that were covered under CSRS were given the opportunity to convert to FERS during two open seasons in 1987-88 and 1998.

When Congress created FERS, it also created CSRS-Offset, which covers certain employees who had significant CSRS-covered employment followed by a break in service of more than one year. CSRS-Offset employees continue to make CSRS contribution to the retirement fund, but those contributions are "offset" by the OASDI Social Security taxes. Upon retirement, the CSRS benefits are reduced by any eligible Social Security benefits. Employees rehired after the end of 1983 and after such a break in service, as was Ms. Nielsen, were eligible to elect either CSRS-Offset or FERS. When Ms. Nielsen was rehired by the Department of Agriculture, she signed a form 3109 electing FERS coverage. Under the rules for making this election it was not revokable, and the form Ms. Nielsen signed clearly so stated.

Ms. Nielsen argues that the election she made was a mistake and should be corrected by the FERCCA. However, as the Board found, a plain reading of the Act and its implementing regulations shows that it provides relief only for employees who were incorrectly assigned to a retirement system for which they were not eligible. See 5 C.F.R. §839.201, 102. There is no dispute that, upon returning to federal employment, Ms. Nielsen was eligible to participate in FERS, so her election of that system, whether or not a

mistake on her part, was not an error that can be corrected under the FERCCA. The Board correctly found that relief under the FERCCA was not available to Ms. Nielsen.

Ms. Nielsen argues that, upon her return to federal employment, she was incorrectly told that her only choice was to convert to FERS coverage. She states that the error she made was the result of incorrect information provided by an employment specialist at the Department of Agriculture. In general, erroneous advice or information provided by an agency does not entitle an employee to benefits that are not available as a matter of law. See OPM v. Richmond, 496 U.S. 414 (1990) ("'[T]he United States is neither bound nor estopped by acts of its officers or agents in entering into an arrangement or agreement to do or cause to be done what the law does not sanction or permit.'") (quoting Utah Power & Light Co. v. United States, 243 U.S. 389, 408-409 (1917)). Although relief has been accorded in egregious cases of mismanagement or incompetence, this is not such a case. See McCrary v. OPM, ___ F.3d ___, 2006 WL 2355961, *5 (Fed. Cir. 2006 ) ("[W]e hold that when an employee, at the time of an election, asks for information regarding the amount of the military deposit or the consequences of failing to make the deposit, the government commits administrative error under 5 C.F.R. §831.2107(a)(1) if its response either misrepresents the dollar amounts in question or is so indirect, inaccurate, or incomplete as to confuse or mislead the employee as to the amount of the deposit or the effect of any failure to make the deposit on the annuity recalculation."). It has not been established that she received egregiously erroneous instructions. The decision of the Board must be affirmed.